**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-26116-ALTMAN**

**ARCH SPECIALITY INSURANCE CO.**,

      *Plaintiff*,

v.

**ALLIED TUBE & CONDUIT CORP.**,

      *Defendant*.

_____/

## ORDER DENYING MOTION TO REMAND

On November 24, 2025, our Plaintiff, Arch Specialty Insurance Company ("Arch"), sued the Defendant, Allied Tube & Conduit Corporation ("Allied"), in the 11th Judicial Circuit Court for Miami-Dade County, asserting one count of strict liability and one count of negligence (the "Current Lawsuit"). *See* Notice of Removal ("Notice") [ECF No. 1] at 13–19.[1] Allied "accepted service of the [2025] Complaint on December 8, 2025[.]" Notice at 4. Allied then removed the Current Lawsuit to federal court on December 29, 2025, under 28 U.S.C. §§ 1332, 1441, and 1446. *See* Notice at 1. Arch now seeks to remand the case back to state court. *See generally* Motion to Remand ("Motion") [ECF No. 6]. The Motion is fully briefed and ripe for adjudication. *See* Response in Opposition to Motion ("Response") [ECF No. 11]; Reply in Support of Motion ("Reply") [ECF No. 13]. After careful review, we **DENY** the Motion.

---

[1] Allied failed to file Exhibit A to the Notice (the state-court cover sheet and complaint) as a separate attachment such that it could be referred to by its own ECF number. *See generally* Notice. We'll therefore refer to the state-court complaint (found at pages 13–19 of the Notice) as the "2025 Complaint."

## THE LAW

A federal court should remand to state court any case that has been improperly removed. *See* 28 U.S.C. § 1447(c). The party attempting to invoke the federal court's jurisdiction bears the burden of establishing that jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270 (1934).

Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Congress has authorized the federal district courts to exercise original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). This type of jurisdiction (what we call diversity jurisdiction) requires *complete* diversity: Every plaintiff must be

diverse from every defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). The party invoking diversity jurisdiction must establish that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

In evaluating whether the "particular factual circumstances of a case give rise to removal jurisdiction, we strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (cleaned up).

### ANALYSIS

The only question presented by the Motion is whether Allied's removal was timely.[2] Allied says that removal was timely "under 28 U.S.C. § 1446(b) because Allied accepted service of the Complaint on December 8, 2025, and this Notice of Removal is being filed within the requisite thirty-day deadline for filing such a Notice." Notice at 4 (cleaned up). Arch argues that the removal was untimely because the complaint Allied removed isn't the "initial pleading" in this action. Motion at 1. Arch insists that the "initial pleading" was the complaint it filed in a 2019 lawsuit against Allied and others "seeking the same relief [and] arising out of the same loss" (the "2019 Lawsuit"). *Ibid.*; *see also id.* at 3–4 ("[I]f the initial pleading was the [Current] Lawsuit's complaint, then we would concede the removal's timeliness"); *see also* 2019 Complaint [ECF No. 6-2]. Importantly, the Current Lawsuit only

---

[2] It's undisputed that the parties are completely diverse and that the amount in controversy exceeds $75,000. *See* Notice at 2–3 ("Complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332. . . . Here, Plaintiff's State Court Complaint asserts that it seeks damages in excess of one million dollars[.]" (cleaned up)); *see also* Motion at 1 ("This action involves parties of complete diversity and damages in excess of $75,000.").

came about because "Arch and Allied [ ] agreed to voluntarily dismiss the [2019] Lawsuit without prejudice." Motion at 2.

The removal was timely. Arch contends that, because the Current Lawsuit involves the same issues as the 2019 Lawsuit, the 2019 Complaint was the "initial pleading setting forth the claim for relief upon which both the First and Second Lawsuits are based." *Id.* at 4 (cleaned up). That's just wrong. The voluntary dismissal without prejudice of a lawsuit renders that earlier proceeding "a nullity and leaves the parties as if the action had never been brought." *Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358, 1363 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 1177 (2025) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)); *see also Randle-E. Ambulance Serv., Inc. v. Vasta*, 360 So. 2d 68, 69 (Fla. 1978) (holding that voluntarily dismissing a claim "remove[s] completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of 'jurisdiction'"). Because the 2019 Lawsuit is essentially "a nullity," the Current Lawsuit is its own distinct action—which means that the 2025 Complaint is the "initial pleading" here.

Applying Florida Law, Judge Winsor of the Northern District of Florida reached the same conclusion in a nearly identical case:

> The [Plaintiffs] contend that, because the second state case involved the same issues as the first, it is essentially a further amended complaint and its filing constituted a continuation of the initial proceedings. But under Florida law, voluntarily dismissing a claim removes completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of jurisdiction over those claims. In other words, a voluntary dismissal terminates the litigation instantaneously and prevents the court from entering a further order on the dismissed claims. Thus, under Florida law, the [Plaintiffs'] second lawsuit is a distinct action—not a mere continuation of the first. This conclusion squares with the commonsense conclusion that a new complaint in a new suit with a new case number, involving service of a new summons constitutes a newly commenced action. This is also presumably why the parties agreed to toll the statute of limitations—a step that would have been unnecessary if the new case merely constituted a continuation of the old.

4

*Southwell v. Zimmer, Inc.*, 2022 WL 22650859, at *1 (N.D. Fla. July 7, 2022) (Winsor, J.) (cleaned up). We agree with this analysis and find that the complaint in the Current Lawsuit is the initial pleading for purposes of 28 U.S.C. § 1446(b)(1).

Resisting this conclusion, Arch urges us to adopt the reasoning of *Brazos Presb. Homes Inc. v. Thomas Hancock Witte & Assocs.*, where a Texas district court found that the complaint in a successive action wasn't the "initial pleading" under 28 U.S.C. § 1446(b)(1) because it was "plainly a continuation of the same claims filed in the original action, merely refiled to conform to technical pleading requirements." 692 F. Supp. 3d 704 (S.D. Tex. 2022). But *Brazos* is inapposite for several reasons. *First*, *Brazos* defined an "initial pleading" as "a document that gives the defendant a fair opportunity to determine whether the case is removable" and found that the petition in the original action gave the defendant "that fair opportunity" because, when the petition was filed, the case *was* removable. *Id.* at 711 (cleaned up). This directly contradicts Arch's argument. Here, Arch concedes that the 2019 Complaint was *not* removable because it included a Florida defendant. *See* Motion at 6 ("The [2019] Lawsuit was not removable because it included a defendant known as T&M Fire Sprinkler Corp., a Florida entity. T&M remained a party through the case's voluntary dismissal in 2025[.]"). So, even under the definition of "initial pleading" from *Brazos*, Arch's argument would fail. *Second*, *Brazos* found that the claims in the two relevant state-court actions were "identical." F. Supp. 3d at 709; *see also id.* at 710 ("There's no dispute that the same design-related latent defect claims were asserted in both the original action and in this action."). But the claims between Arch's 2019 and Current Lawsuits *aren't* identical. The Current Lawsuit (1) dropped two of Allied's former co-defendants and (2) brings an additional negligence claim against Allied. *Compare* 2019 Complaint at 4–6 (asserting Count I (strict liability) against Defendants Atkore International, Inc. and Allied and Count II (negligence) against Defendant T&M Fire Sprinkler Corp. *only*), *with* 2025 Complaint at 9–10 (asserting Counts I (strict

liability) and II (negligence) against Allied).[3] *Third*, we're (obviously) not bound by Arch's out-of-circuit authority.

In short, we agree with Allied that the "initial pleading," for purposes of 28 U.S.C. § 1446(b)(1), is the 2025 Complaint because that pleading set forth the claim for relief on which *this* action is based. Since Allied timely removed this Complaint, we now **DENY** Arch's Motion.

\* \* \*

After careful review, therefore, we **ORDER and ADJUDGE** that the Plaintiff's Motion to Remand [ECF No. 6] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on March 18, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

---

[3] Even if Arch's claims *were* identical, we'd still deny the Motion because we consider the 2025 Complaint to be the initial pleading in this distinct action.